**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KEITH OLSSON, by and through ) | |
| MINDY OLSSON, guardian and ) | |
| conservator for KEITH OLSSON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 08-2567-CM** |
| AARON GROSS, et al., ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

This negligence case, originally filed on September 25, 2008, is before the court on

Plaintiff's Motion to Dismiss Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2) (Doc. 158), in

which plaintiff requests a voluntary dismissal so that its crash reconstruction expert can recreate

certain data or so that plaintiff can find a substitute expert. Defendants oppose the motion.[1]  For the

following reasons, the court grants plaintiff's motion.

## I.      Factual and Procedural Background

This lawsuit arises out of a motor vehicle accident that occurred on October 15, 2007, on

Interstate 70 westbound where it bridges over 118th Street in Wyandotte County, Kansas.  Plaintiff

was driving a 2003 Ford Explorer; defendant Aaron Gross was driving a Sygma tractor trailer.

Plaintiff sustained serious injuries.

---

[1]  Plaintiff's motion was filed on December 29, 2009.  Defendants' response was filed on
January 21, 2010.  Pursuant to Local Rule 6.1, amendment effective December 1, 2009, defendants'
response was due on or before January 19, 2010.  The court has considered the response, but would
alert counsel to the 21-day—rather than 23-day—deadline established by the amended rules.

On September 25, 2008, plaintiff, through his conservator, brought this action against defendants in the District Court of Wyandotte County, Kansas. Defendants removed the action to this court on November 12, 2008. An amended complaint was filed on September 10, 2009. Discovery has been ongoing. Plaintiff timely disclosed expert witness Dr. Michael Freeman, a forensic epidemiologist. According to plaintiff, Dr. Freeman produced, managed, and supervised a reconstruction and animation of scenarios describing the collision and plaintiff's subsequent fall from the overpass. Some services were performed for Dr. Freeman by Ward Bruington, a crash reconstructionist, and Oregon State Police animator Marian Nemeth. Dr. Freeman's opinions, along with the animations, were timely disclosed to defendants pursuant to the Second Amended Scheduling Order.

Due to scheduling difficulties, Dr. Freeman's deposition could not be scheduled until October 20, 2009. During this deposition, it was discovered that his expert file did not contain the underlying data for the animations. For reasons unrelated to the litigation, Dr. Freeman's deposition was continued until December 21, 2009. Defendants requested that the "*.max files" underlying the animations be produced prior to the December 21 deposition date.

Plaintiff asserts that it has been informed that the computer hard drive of Ms. Nemeth, which contained the underlying files substantiating Dr. Freeman's opinions and animations, had "crashed." To date, plaintiff has been unable to retrieve these files. Plaintiff requests dismissal without prejudice so that Dr. Freeman can recreate the data necessary to substantiate his opinions, or, in the alternative, should he be unwilling or unable to do so, so that plaintiff can find a substitute expert

witness.[2]  Defendants seek denial of the motion or, if the court find dismissal appropriate, request that certain terms and conditions be imposed.

## II.      Standard

Under Rule 41(a)(2), the court may allow a plaintiff to voluntarily dismiss an action "upon such terms and conditions as the court deems proper."  Fed. R. Civ. P. 41(a)(2).  "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."  *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quotation omitted).  The court should grant a motion for voluntary dismissal "[a]bsent 'legal prejudice' to the defendant."  *Id.* (quotation omitted).  In determining whether a defendant would be prejudiced by granting a plaintiff's motion for dismissal of the action without prejudice, this court considers such practical factors as: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation.  *Id.* at 1124.  These factors are neither exhaustive nor conclusive.  *Id.*  The court considers the unique circumstances of each case, and in reaching its conclusion, endeavors to ensure substantial justice is accorded to both parties.  *Id.*

## III.     Discussion

After reviewing the record in light of the factors, and taking into account the court's ability to impose curative conditions on the parties, the court finds that defendants will not suffer manifest legal prejudice if the case is dismissed without prejudice.

First, although defendants have incurred expense in conducting discovery, and specifically in responding to Dr. Freeman's opinions and preparing the case for trial, the court finds that much of

---

[2]  Plaintiff requests oral argument on its motion.  Because the court determines that oral argument would not assist the court in ruling on the motion, the court denies this request.  D. Kan. R. 7.2.

the discovery conducted will be applicable to and can readily be used in a subsequent action.[3]

Weighing in plaintiff's favor is the absence of excessive delay or lack of diligence on the part of plaintiff. Although this case has been moving slowly, it has been progressing. Plaintiff did not cause the circumstances resulting in plaintiff's inability to secure the data supporting its expert's opinion. The court finds that there has been no bad faith on either side here, and that the parties have worked well together and in accord with the court's deadlines.

Plaintiff's explanation of the need for dismissal weighs neutral. Although unexpected circumstances with respect to expert witness deficiencies may justify a plaintiff seeking dismissal without prejudice, dismissal does not appear, to this court, to be the only possible course of action. Nevertheless, the court does not believe that there is any improper motive behind plaintiff's motion, and, other than the fact that a second action may be filed, defendants will not suffer plain legal prejudice arising from dismissal without prejudice. *Brown*, 413 F.3d at 1124 (holding "[p]rejudice does not arise simply because a second action has been or may be filed against the defendant [citation omitted], which is often the whole point in dismissing a case without prejudice.").

The present discovery stage does not weigh against dismissal. Due to the slow pace of discovery, the court's scheduling order has been amended four times. No pretrial order has yet been entered in the case. Under the current Fourth Amended Scheduling Order, discovery is still ongoing and dispositive motions are not due until May 11, 2010, with trial currently set for January 3, 2011. (Doc. 147.) Defendants assert that their defense strategy has revolved around Dr. Freeman's opinions, and the discovery efforts defendants have undertaken since Dr. Freeman's opinions were disclosed have been substantial. Nevertheless, defendants have not yet designated liability experts

---

[3] Plaintiff's reply brief asserts that plaintiff fully intends to continue in the prosecution of this case using Dr. Freeman as an expert. (Doc. 166, at 7.)

of their own, and plaintiff has indicated his intent to continue to use Dr. Freeman as his expert.

Moreover, this is not a situation where either the pretrial conference has been held and the case is on

the verge of trial, or where plaintiff is seeking to dismiss the case because defendants have filed a

summary judgment motion. *See, e.g., Phillips U.S.A., Inc., v. AllFlex U.S.A., Inc.*, 77 F.3d 354, 358

(10th Cir. 1996) (affirming the district court's denial of the plaintiff's motion to dismiss because a

party should not be able to avoid an adverse ruling on a dispositive motion by dismissing the case).

Defendants may be correct that actions less drastic than dismissal might resolve the issue

surrounding the "crash" of the hard drive and its impact on the case. Nevertheless, plaintiff seeks

dismissal, and the court will grant the request in absence of some plain legal prejudice to defendants.

*Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997); *see also Brown*, 413 F.3d at 1123 (10th

Cir. 2005). Finding none, the court will grant plaintiff's motion.

Defendants set out a number of terms and conditions that they assert are necessary to limit

the harm of a subsequent action. Plaintiff, by way of reply, objects, agrees, or asserts that the

requests are moot as set out below:

|   | Defendants' Request | Plaintiff's Response |
|---|---|---|
| 1. | Refile action within 30 days | Object. Refile within 6 months. |
| 2. | Within 14 days of refiling, provide independent computer expert report on retrievability of hard drive/ *.max files. | Moot. See Plaintiff's Exhibit F (Doc. 166-2.) |
| 3. | If retrievable, | |
| | a. provide readable files within 30 days of refiling; | Object. Will provide at date set by court's Rule 26(f) scheduling conference. |
| | b. provide three days for continuation of Dr. Freeman's deposition all within 60 to 90 days of refiling; | Object. |

| | | |
|---|---|---|
| | c. Dr. Freeman's deposition takes place at defense counsel's office in Kansas City and plaintiff bears costs. | Object. |
| 4. | Within 14 days of refiling, provide affidavit setting out why data on hard drive can or cannot be recreated. | Moot.  See Plaintiff's Exhibit F (Doc. 166-2.) |
| 5. | If data cannot be recreated or recovered, | |
| | a. provide recreated data within 30 days of refiling; | Object.  Will provide at date set by court's Rule 26(f) scheduling conference. |
| | b. provide three days for continuation of Dr. Freeman's deposition all within 60 to 90 days of refiling; | Object. |
| | c. Dr. Freeman's deposition takes place at defense counsel's office in Kansas City and plaintiff bears costs. | Object. |
| 6. | Ms. Nemeth and  Mr. Bruington shall not remain fact witnesses. | Object.  Witnesses were properly designated and their roles have not changed; defendants seek tactical advantage. |
| 7. | All discovery shall carry over, and no new depositions of witnesses previously deposed will be redeposed absent showing of substantial need. | Agree. |
| 8. | Upon refiling, plaintiff pays transcription costs for depositions taken by defendants to date. | Object. |
| 9. | If new expert substituted for Dr. Freeman, shall be disclosed within 30 days of refiling; shall be an expert in "forensic epidemiology"; plaintiff to pay defendants' expenses and fees for reviewing new expert's opinions, for revising defendants' experts opinions, including expenses related to additional inspection of accident site or subject vehicles. | Moot. Plaintiff intends to continue with Dr. Freeman. |
| 10. | Upon refiling, plaintiff to pay reasonable attorney's fees incurred in responding to instant motion. | Object.  Plaintiff should not be penalized for seeking dismissal pursuant to Federal Rules. |

| | | |
|---|---|---|
| 11. | Defendants have 60 days from date of this order to make showing of additional expenses, including attorney's fees, that would be duplicative if duplicate action is filed; plaintiff has 30 days to respond and court will promptly determine amount. | Object. Defendants will not incur duplicative costs. |
| 12. | Failure to pay amount within 30 days after refiling will convert dismissal into dismissal with prejudice; court will retain jurisdiction to entertain a motion to convert. | Object. Defendants cannot show basis for imposition of costs or fees. |

The court finds that defendants' requested conditions are unduly punitive to plaintiff, unduly favorable to defendants, and/or are not designed to alleviate prejudice defendants might otherwise suffer upon the refiling of an action. *See County of Santa Fe v. Pub. Serv. Co.*, 311 F.3d 1031, 1048 (10th Cir. 2002) (holding that, to insure substantial justice is accorded to both parties, the court must consider the equities facing both the defendant and the plaintiff); *see also Am. Nat'l. Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). Imposing the terms and conditions suggested by defendants would not result in substantial justice to both parties. Plaintiff seeks dismissal without prejudice so that plaintiff's expert can recreate certain data. The court therefore agrees that it is appropriate to establish a time frame reasonable to allow plaintiff accomplish this objective within which plaintiff may refile an action. Also, to alleviate potential prejudice, the court agrees with the parties that all discovery conducted so far should carry over to any subsequent action. Finally, the court notes that it is typical to impose as a condition of dismissal without prejudice that the plaintiff pay the defendants' expenses, which usually includes a reasonable attorney's fee. *See United States v. Rockwell Int'l Corp.*, 282 F.3d 787, 810 (10th Cir. 2002) (citing *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994)); *see also Cauley v. Wilson*, 754 F.2d 769, 771–72 (7th Cir. 1985) (holding that "a district court may seek to reimburse

the defendant for his attorneys' fees because he [or she] faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him.").  In doing so, defendants can be reimbursed for costs imposed by plaintiff's voluntary dismissal and subsequent refiling.

Having carefully considered the parties' briefs, the efforts of the parties thus far, the nature of the action, and the totality of the circumstances giving rise to the dismissal, the court finds the following terms and conditions to be reasonable and proper:

(1) Plaintiffs will refile an action, if any, within six (6) months of the date of this order.

(2) All discovery conducted in this case shall carry over to the subsequently filed action, and no witnesses previously deposed will be redeposed absent a showing of substantial need.

(3) The defendants have sixty (60) days from the date of this order to make a detailed showing to this court of the expenses, including attorney's fees, that they believe would be duplicative if subsequent litigation is filed; the plaintiff shall have thirty (30) days to respond to that showing; and the court will determine the amount as promptly as possible thereafter.  Upon refiling of the action, plaintiff shall be required to pay to defendants the expenses this court finds would be duplicative.  Failure to pay the amount set forth by the court within twenty days after refiling this action will convert this dismissal into a dismissal with prejudice.  The court will retain jurisdiction over this matter to consider a motion by the defendants to so convert such a dismissal.

Of course, when the court decides to impose terms and conditions on a voluntary dismissal, it must give plaintiff an opportunity to withdraw its request for dismissal.  *See Gonzales v. City of Topeka, Kan.*, 206 F.R.D. 280, 283 (D. Kan. 2001) (citing 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2366, at 305–14 (1995)).  Plaintiff shall therefore have fourteen (14) days from the date of this order within which to withdraw its request for dismissal.  If plaintiff does not do so, the court will enter an order dismissing plaintiff's claims without prejudice, subject

to the conditions set forth above.

**IT IS THEREFORE ORDERED**.

Dated this 23rd day of February 2010, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**