## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KEITH OLSSON, by and through )
MINDY OLSSON, guardian and )
conservator for KEITH OLSSON, )
                                       )
                Plaintiff, )
                                       )
                                       )       CIVIL ACTION
v. )
                                       )       No. 08-2567-CM
AARON GROSS, et al., )
                                       )
                                       )
                Defendants. )
                                       )

## ORDER

The court permitted plaintiff to voluntarily dismiss this negligence action, originally filed on September 25, 2008, without prejudice, subject to certain conditions. As one condition of dismissal and subsequent refiling, plaintiff is required to pay any duplicative expenses defendants will incur in defending the action. In its Memorandum and Order dated March 10, 2010, (Doc. 167), the court granted defendants sixty (60) days from the date of the order to make a detailed showing to this court of the expenses, including attorney's fees, that they believe would be duplicative if subsequent litigation is filed. Plaintiff had thirty (30) days to respond to that showing. Currently before the court is Defendants' Memorandum Regarding Duplicative Expenses (Doc. 169) and Plaintiff's Memorandum in Opposition (Doc. 170). For the reasons discussed below, the court awards defendants $2,275.00 in duplicative expenses, to be reimbursed by plaintiff upon refiling this action.

As noted in the court's previous order, a court typically imposes as a condition of dismissal without prejudice that a plaintiff pay defendants' expenses incurred in defending the lawsuit, which usually include reasonable attorney's fees. *United States v. Rockwell Int'l Corp.*, 282 F.3d 787, 810

(10th Cir. 2002). "The purpose of awarding attorney's fees on a voluntary dismissal without prejudice is to compensate the defendant for the unnecessary expense that the litigation has caused." *Lienemann v. Glock, Inc.*, No. 08-2484, 2009 WL 2106105, at *1 (D. Kan. July 16, 2009) (quoting *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985)). In a dismissal without prejudice, a defendant may be forced to again defend the action and incur duplicative expenses. *Id.* Thus, "[w]here a subsequent similar suit between the parties is contemplated, expenses awarded might be limited to those incurred in discovering information and researching and pressing legal arguments that will not be useful in the later suit." *Id.* (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 860 (11th Cir. 1986)).

Conversely, a plaintiff does not need to reimburse costs incurred by a defendant that will be useful in the subsequent litigation or that were incurred unnecessarily. *Id.*; *Gonzalez v. City of Topeka Kan.*, 206 F.R.D. 280, 283 (D. Kan. 2001). Thus, defendants must identify costs and expenses incurred from activities relating solely to this action and that will not be useful in defending a subsequent court proceeding. *Lienemann*, 2009 WL 2106105, at *1 (citing *His Grace the Duke of Westminster v. Cessna Aircraft Co.*, No. 02-2054, 2003 WL 22843178, at * 1 (D. Kan. Nov. 6, 2003)).

Defendants seek attorney's fees in the amount of $2,360 and experts' fees in the amount of $580, for a total of $2,940. Additionally, defendants suggest that, if plaintiff's expert—Dr. Michael Freeman—supplements his report with new opinions, defendants would incur duplicative expenses to analyze, investigate, and rebut these opinions. Defendants therefore seek leave to submit a supplemental memorandum setting forth duplicative fees and expenses should Freeman alter his opinions or introduce a new or supplemental report to the litigation.

First, plaintiff argues defendants' duplicative expense figure is overstated because plaintiff intends to file a complaint that is substantially the same as the First Amended Complaint filed in this action. Therefore defendants' contemplated duplicative expenses—including responding to plaintiff's new complaint and communicating with defense experts regarding the new complaint—are activities that were or should have been completed by defendants during the initial action. Second, plaintiff seeks an opportunity to respond if the court permits defendants to submit a supplemental memorandum regarding potential duplicative expert witness expenses.

According to the material submitted by defendants, the attorneys working on these matters anticipate fees of $200 and $175 per hour for 4.8 and 8.0 hours, respectively, dedicated to (1) studying the new complaint, analyzing potential affirmative defenses and considering potential dispositive motions; (2) communicating with the client regarding the new complaint and defense strategy; (3) communicating with three defense experts regarding the new complaint and defense strategy; (4) drafting an answer and communicating with the client about it; (5) drafting, reviewing and communicating with the client about a motion to dismiss; and (6) propounding new written discovery. The defendants' three experts charge $235, $425, and $500 per hour respectively, and defendants expect there to be 0.5 hours of duplicative expense in communicating with each of these experts regarding the substance of the new complaint and defense strategy.

Given plaintiff's assertion that any subsequently filed complaint will be substantially identical to the one filed in this action, the court believes that the time set out in category (1) above and in relation to the defendants' three experts may be slightly overstated. Much of the research and analysis will already have been done, and the documents previously drafted will be easily modified for use in the subsequent action. The court therefore will reduce the requests by one (1.0) hour for each attorney. Similarly, although there may need to be some communication with each of the

experts in relation to a newly filed case, discussion of the substance of the new complaint and defense strategy should not constitute more than 0.25 hours of duplicative expense. The court finds the other assessments set out in defendants' materials to be reasonable and necessary. The court therefore concludes that $1,985 of the attorney's fees and $290 of expert fees will be duplicative if and when plaintiff refiles this action.

Upon refiling of the action, plaintiff shall be required to pay to defendants $2,275, which the court finds to be duplicative. Failure to pay this amount within twenty days after refiling this action will convert this dismissal into a dismissal with prejudice. The court will retain jurisdiction over this matter to consider a motion by defendants to so convert such a dismissal.

Finally, the court would note that plaintiff was permitted to voluntarily dismiss this action so that its expert could recreate certain data or so that plaintiff could find a substitute expert. Should plaintiff's expert—or his substitute—alter previous opinions or introduce a new or supplemental report to the litigation, defendants may, at that time, seek leave to submit a supplemental memorandum setting forth what they believe to be duplicative fees and expenses. Should such a request be granted, plaintiff will have an opportunity to respond.

**IT IS SO ORDERED.**

Dated this 28th day of June 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**